LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1832 GAF (RZx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | Michael Rahni v. Dowling College et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   **(In Chambers)**

**ORDER TO SHOW CAUSE**

On August 27, 2012, Plaintiff Michael Rahni filed suit in the Los Angeles County Superior Court against Defendants Dowling College, Dowling College Enterprise Foundation, Inc., and Dowling Institute (collectively "Defendants").  (Docket No. 1 [Not. of Removal ("Not.")], Ex. A [Compl.].)  Plaintiff brings numerous state claims stemming from breaches of written and oral agreements.

Defendants removed this matter to this Court.  However, the Court finds that Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 in accordance with 28 U.S.C. § 1332.  Accordingly, Defendants are hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

Where removal is based on diversity jurisdiction under 28 U.S.C. § 1332(a) and it is unclear from the face of the plaintiff's complaint whether the $75,000 amount in controversy requirement has been met, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992).  Where the plaintiff has not challenged removal, a district court "may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  In other words, the court may require the removing defendant to produce "evidence establishing that it is more likely than not that the amount in controversy exceeds [the

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1832 GAF (RZx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | Michael Rahni v. Dowling College et al | | |

jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotations omitted).

In the present case, Defendants argue that "[o]n February 16, 2013, Defendants received Plaintiff's Response to Defendants' Request for Statement of Damages in which Plaintiff provided for the first time that the amount in controversy exceeds $75,000."  (Not. ¶ 15.)  Defendants have failed to bring to the Court's attention any document that verifies that statement.  Such a bare allegation in a notice of removal is insufficient to satisfy the amount in controversy requirement.  See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); see also Gaus, 980 F.2d at 567.  Because Defendant has not provided evidence that "it is more likely than not" that the amount in controversy is satisfied, jurisdiction under § 1332(a) has not been established.  To establish the amount in controversy, Defendants must offer supporting documentation as to why Plaintiff's claims put $75,000 or more in controversy.

For the foregoing reasons, the Court is not convinced that it has jurisdiction under § 1332(a) in this case.  As such, Defendants are **ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction.  Defendants should file a written response by no later than Friday, April 12, 2013.  A failure to file a timely response to this Order will be deemed consent to an Order remanding this case to Superior Court.**

**IT IS SO ORDERED.**